UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOUR EDDINE GHZIOUNA,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>NEIL CLARK,<br><br>　　　　　　　　Respondent. | CASE NO.  C06-1345-TSZ-JPD<br><br>REPORT AND<br>RECOMMENDATION |

I. INTRODUCTION AND SUMMARY CONCLUSION

On September 18, 2006, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). Petitioner requests that he be released from custody, alleging that he is being held indefinitely, contrary to the mandate in *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).  (Dkt. #4).  Respondent has moved to dismiss, arguing that petitioner is properly detained under the Attorney General's discretion under Section 241 of the Immigration and Nationality Act ("INA"), and that petitioner's detention is neither unlawful nor indefinite.  (Dkt. #10).

REPORT AND RECOMMENDATION
PAGE – 1

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #4) be DENIED and that respondent's motion to dismiss (Dkt. #10) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Nour Eddine Ghziouna is a native and citizen of Morocco. (Dkt. #13 at L105). On August 21, 1988, he entered the United States at New York, New York, as a non-immigrant visitor with authorization to remain in the United States for a temporary period not to exceed six months. (Dkt. #13 at L23). On January 24, 1994, petitioner married Theresa Kaden a United States citizen, but the couple separated on April 5, 1994. They have one fourteen year old son in common. (Dkt. #13 at L101-105).

On December 21, 1994, petitioner was convicted in the Municipal Court of California, in and for the County of Fresno, of the offense of carrying a concealed weapon in violation of California Penal Code § 12025(a). (Dkt. #13 at L85-86). The court sentenced him to a two year conditional sentence and ordered him to serve 45 days in jail. *Id.* On April 12, 1999, petitioner was convicted of failing to provide child support in violation of California Penal Code § 270. The court sentenced him to 36 months imprisonment, suspended on the conditions that he served 365 days in jail and abide by the terms of parole. *Id.* Petitioner was ordered to serve an additional 12 days in jail for violating the terms of his parole. *Id.* On May 2, 2002, petitioner was charged with Possession of a Controlled Substance in Iowa, but forfeited bail when he failed to show for a court appearance. *Id.*

On May 17, 2005, petitioner was charged with child abduction and disobeying a visitation order in violation of California Penal Code §§ 278.5 and 166(a)(4). (Dkt. #13 at L67).

REPORT AND RECOMMENDATION
PAGE – 2

According to the allegations, petitioner's estranged wife agreed that their son could spend three months in Morocco with petitioner's parents between February and May of 2004. (Dkt. #13 at L55). However, at the end of the three months, petitioner refused to return their son to the United States. *Id.* Petitioner returned his son to the United States on May 31, 2005, after he was arrested for child abduction and visitation violation charges on May 23, 2005. (Dkt. #13 at L38, L41). On August 16, 2005, petitioner pleaded no contest to felony deprivation of custody and right to visitation in violation of California Penal Code § 278.5. (Dkt. #10, Ex. A). The court sentenced him to time served and three years probation, including an order prohibiting contact with Theresa Kaden and their son. *Id.*

On June 16, 2005, ICE served petitioner with a Notice to Appear, placing him in removal proceedings and charging him with removability under INA § 237(a)(1)(B), for remaining in the United States for a time longer than permitted, and under INA § 237(a)(2)(C), for being convicted of a firearms violation. (Dkt. #13 at L23). On August 16, 2005, petitioner was transferred from the Fresno County Jail to ICE custody. (Dkt. #13 at L20).

On July 15, 2005, petitioner filed an application for asylum. (Dkt. #13 at L101-105). On August 18, 2005, ICE determined that petitioner would remain detained pending a final determination by the Immigration Court. (Dkt. #13 at L20). On September 12, 2005, the Immigration Judge ("IJ") held a bond redetermination hearing and affirmed ICE's decision to hold petitioner without bond pending his removal proceedings. (Dkt. #13 at L115). Petitioner did not appeal the IJ's bond determination to the Board of Immigration Appeals ("BIA").

On September 19, 2005, petitioner appeared for a master hearing before the IJ. (Dkt. #13 at L116). On April 12, 2006, the IJ denied petitioner's applications for asylum, withholding

REPORT AND RECOMMENDATION
PAGE – 3

of removal, and Torture Convention, and ordered him removed to Morocco. (Dkt. #13 at L200, R258-75). Petitioner appealed the IJ's decision to the BIA. On July 21, 2006, the BIA affirmed the IJ's decision and dismissed the appeal. (Dkt. #13 at R255-56). Accordingly, petitioner's order of removal became administratively final on July 21, 2006. On August 21, 2006, petitioner filed a Petition for Review in the Ninth Circuit Court of Appeals. (Dkt. #13 at R235). The same day the Ninth Circuit issued a temporary stay of removal pending review of petitioner's appeal. Petitioner's petition for review is currently pending before the Ninth Circuit.

On August 22, 2006, ICE served petitioner with a Notice of Alien File Custody Review, indicating that his custody status would be reviewed on or about October 13, 2006.[1] (Dkt. #13 at R237, Dkt. #11). At that time, the ICE field office director would review petitioner's criminal history, risk of flight, and danger to the community. *Id.* The Notice also indicated that petitioner could submit documentation in support of his release. *Id.*

On September 18, 2006, petitioner, proceeding pro se, filed the instant Petition for Writ of Habeas Corpus, challenging his detention by ICE. (Dkt. #4). On October 18, 2006, respondent filed a return memorandum and motion to dismiss. (Dkt. #10). At the same time respondent submitted a Declaration of Nathalie R. Usher, ICE Supervisory Detention and Deportation Officer, indicating that there are no barriers to petitioner's removal to Morocco. (Dkt. #11). Petitioner did not file a response. The habeas petition and motion to dismiss are now ready for review.

### III. DISCUSSION

---

[1] The administrative record was submitted on October 18, 2006, and does not contain petitioner's October 2006 File Custody Review. Absent further notice, the Court presumes ICE denied petitioner release from detention.

REPORT AND RECOMMENDATION
PAGE – 4

Petitioner argues that he is being held indefinitely, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and that he must be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future. (Dkt. #4). Respondent argues that petitioner's removal is "highly foreseeable," and is neither unlawful nor indefinite. (Dkt. #10 at 9).

The post-removal-order detention statute, INA § 241(a)(1), 8 U.S.C. § 1231(a)(1), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months discretionary detention during which detention remains presumptively valid. *Zadvydas*, 533 U.S. at 701. In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

Here, petitioner's claim that he is being held indefinitely in violation of *Zadvydas* lacks merit because he has not demonstrated that his removal to Morocco is not significantly likely in the reasonably foreseeable future. *See Zadvydas* at 701. As indicated in the record, there are no barriers that exist to prevent ICE from securing travel documents for petitioner's removal to Morocco. (Dkt. #11). Thus, the only thing preventing petitioner's removal is his Petition for Review and related stay of removal. Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner. *See Bequir v. Clark*, Case No. 05-1587-RSM-JPD (Dkt. #23 at 3). Thus, contrary to the petitioner in *Zadvydas*, petitioner's detention is neither "indefinite" nor

REPORT AND RECOMMENDATION
PAGE – 5

"potentially permanent." *Zadvydas*, 533 U.S. at 690-91. Accordingly, petitioner has failed to make a threshold showing of indefinite detention.

In his habeas petition, petitioner asserts in conclusory fashion that he "has not been given any sort of *individualized* hearing to determine his releasability on bond or on his own recognizance where such hearing took into consideration the factors of the Petitioner." (Dkt. #4 at 4). Contrary to petitioner's claim, petitioner's bond status was reviewed initially by ICE, and then by the IJ. (Dkt. #13 at L20, L115). Petitioner had 30 days to appeal the IJ's custody determination to the BIA, however, the record does not reflect that petitioner appealed the IJ's determination. Petitioner was scheduled for another custody status review on or about October 27, 2006. At that time, the ICE field office director reviewed petitioner's criminal history, risk of flight, danger to the community, as well as any documentation submitted by petitioner in support of his release. Accordingly, petitioner's claim fails because he does not specify what factors respondent failed to consider or how he failed to give him an individual assessment.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 2nd day of February, 2007.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 6